IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>   v.<br><br>**ROCKET LEARNING, LLC,**<br>Defendant. | CRIMINAL NO. 15-561 (JAG) |

**RESPONSE IN OPPOSITION TO ROCKET LEARNING LLC'S OBJECTIONS TO THE REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE BRUCE J. MCGIVERIN RECOMMENDING DENIAL OF ROCKET LEARNING LLC'S MOTION TO DISMISS**

**TO THE HONORABLE COURT:**

**COMES NOW** the United States of America by and through the undersigned attorney and before this Honorable Court very respectfully submits the following response in opposition to Defendant Rocket Learning, LLC's Objections to the Report and Recommendation of U.S. Magistrate Judge Bruce J. McGiverin Recommending Denial of Rocket Learning LLC's Motion to Dismiss (Docket No. 1140)[1]:

On December 14, 2017, the Honorable Magistrate Judge Bruce J. McGiverin issued a Report and Recommendation concluding that Rocket Learning LLC ("Rocket") "failed to carry its burden in persuasively establishing that the government presented false evidence. Moreover, as Rocket has not shown that the government presented any false evidence, there is no need to consider whether the grand jury was substantially influenced by such evidence." Docket No. 1112, p. 6. Despite the Court's clear finding after a review of the Grand Jury proceedings, Rocket objected to the Magistrate's Report and Recommendation. Docket No. 1140. Rather that point to any error of law or fact, Rocket continues to seek a pre-trial determination regarding the sufficiency of the evidence in this case. Simply put, the question of whether Rocket illegally obtained $954,297, or $80,484, or another figure in government

---

[1] This objection has subsequently been joined by various co-defendants.

funds is the province of trial, and a determination for the jury.

The United States respectfully opposes Rocket's objection to the Report and Recommendation at Docket No. 1140 and hereby reiterates and incorporates by reference the government's prior arguments contained in its Response in Opposition to Motion to Dismiss at Docket No. 1035 and response in opposition to motion for disclosure of grand jury material at Docket No. 1036. Because the allegations of the Superseding Indictment are sufficient to apprise Rocket of the charged offense and no false evidence was presented to the grand jury, Rocket's pending motion to dismiss must be denied. Rather than schedule any pre-trial hearing on this matter, the United States respectfully submits that this Honorable Court should schedule a trial date.

**STANDARD OF REVIEW**

The Local Rules for the District of Puerto Rico provide that "[a] district judge shall make a de-novo determination of those portions to which objection is made and may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. L.Cv.R. 72(d), L.Crim.R. 112. Despite the fact that a de-novo review applies, the Court is not required to hold a hearing or otherwise gather additional evidence when evaluating the Magistrate Judge's Report and Recommendation. The Local Rules specifically provide that "[t]he district judge need not normally conduct a new hearing and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record….". *Id*.

The United States respectfully submits that this Honorable Court can adequately perform a de-novo review by analyzing the record developed before Magistrate Judge Bruce J. McGiverin. Specifically, the Court has access to the parties' arguments and the grand jury materials produced in compliance with the Court Order at Docket No. 1084. The United States is confident that this Honorable Court will reach the same conclusion as Magistrate Judge Bruce J. McGiverin, i.e. that the government did not present any false evidence to the grand jury.

Despite the finding that no false evidence was presented to the grand jury, Rocket continues to

impermissibly seek a pre-trial hearing regarding the sufficiency of the evidence in this case. As the caselaw makes clear, a motion to dismiss must "attack the facial validity of the indictment" and not merely challenge[] the government's substantive case." *United States v. Ngige*, 780 F3d 497, 502 (1st Cir. 2015). "When a defendant seeks dismissal of an indictment, courts take the facts alleged in the indictment as true, mindful that 'the question is not whether the government has presented enough evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense." *Id*. (quoting *United States v. Savarese*, 686 F.3d 1, 7 (1st Cir. 2012).  As such, "courts routinely rebuff efforts to use a motion to dismiss as a way to test the sufficiency of the evidence behind an indictment's allegations." *United States v. Guerrier*, 669 F.3d 1, 4 (1st Cir. 2011) (citations omitted). As the Report and Recommendation correctly notes, "[a] defendant is generally not permitted to look behind the veil cloaking grand-jury proceedings, and so an 'indictment returned by a legally constituted and unbiased grand jury… if valid on its face, is enough to call for trial for the charge on the merits." Docket No. 1112 p. 1, quoting *Costello v. United States*, 350 U.S. 359, 363 (1956).

**DISCUSSION**

There is absolutely no basis to find that false evidence was presented to the grand jury. This Honorable Court can review the grand jury materials and make that de-novo determination. As the United States previously explained, an analysis of the attendance and billing data (that was produced to Rocket) was calculated and yielded a figure. The actual calculation itself, that yielded a sum of $954,297, is not being disputed and is not false. The math is the math and the components of the calculations are exactly what they have been represented to be.

Instead, Rocket continues to argue the weight of the calculation and what the outcome of the calculation should or should not mean for the case. Whether or not Rocket can make a convincing argument on this front is an issue for the jury, not a pre-trial matter for this Honorable Court. In an attempt to keep pressing their sufficiency of the evidence argument, Rocket has now shifted to a theory

of error by omission. That allegation is even more haphazard than Rocket's incorrect claim that false evidence was presented to the grand jury. The grand jury was not misled by any omission, nor would Rocket be entitled to any relief if it was.

The report and recommendation correctly notes the following:

> At no point did the government state that the $954,297 figure came from compiling the changes in registry as Rocket alleges. Furthermore, the government never relied solely on the changes in registry to prove its case but rather presented plenty of testimony from many sources regarding various ways that Rocket padded the bill. The indictment also stated multiple methods Rocket used to commit fraud in addition to changes in registry. See Docket No. 376 at 10 ("The scheme to defraud included, but was not limited to: the fabrication of false biometric attendance records; false records supporting manual attendance records; false records supporting the notification of the post-test; and forging the signatures of students, parents, and teachers in the records. . . . [and] an incentive program for Rocket's managers, regional directors, and SES director.").

Docket No. 1112, p. 6.

As stated by the Magistrate Judge, evidence was presented regarding the various mechanisms used by Rocket employees to falsify the attendance data and certifying documents. Further, with respect to the biometric attendance data, it was entirely possible for student attendance data to be falsified without any re-registration occurring. That is precisely the scenario explained in a defendant's statement of facts at Docket No. 1030 (admitting that she "placed un-registered or ghost students into the biometric attendance system under the names of absent registered students. By doing so, the attendance information falsely reflected that services were rendered to SES registered students when they were not."). *Id.* at p. 11. As a result, the application of Rocket's proffered "re-registration filter" is problematic. Re-registration simply is not a requirement for Rocket's fraudulent billing practices. Rocket may dispute that conclusion, but that simply makes it an issue for trial.

The proffered existence of Rocket's purported defense[2] does create a duty to present certain

---

[2] Rocket has not produced the actual expert report proffered to this Honorable Court regarding Rocket impermissibly obtaining $80,484 in government funds.

evidence to the grand jury. Rocket even admits "the government is not obligated to disclose exculpatory evidence to a grand jury." Docket No. 1140, p. 12, FN 5; see also *United States v. Williams*, 504 U.S. 36 (1992) (the federal court's supervisory powers over the grand jury do not include the power to make a rule allowing the dismissal of an otherwise valid indictment where the prosecutor failed to introduce substantial exculpatory evidence to a grand jury).

Rocket's reregistration filter defense does not apply and is not exculpatory. For Counts One through Twenty-Seven of the Superseding Indictment, which pertain to a conspiracy and scheme to obtain federal Title I funds by materially false and fraudulent pretenses, representations, and promises, no loss amount need be established. For Count Twenty Eight, only a loss in excess of $1,000 is required, and Rocket admits that it improperly received in excess of $80,000. There is no legal basis for this Honorable Court dismiss an otherwise valid indictment on those grounds.

To successfully challenge an indictment on grounds of grand jury misconduct, a defendant must show some actual misconduct and show that the misconduct was of such a profound nature that it caused "the grand jury to no longer be a grand jury." *United States v. Reyes-Echevarria*, 345 F.3d 1, 4 (1st Cir. 2003). In short, the defendant must show misconduct which substantially influenced the decision to indict or cast grave doubt over whether the decision to indict was free from some substantial, and improper, influence. *In re United States*, 441 F.3d 44 (1st Cir. 2006); *United States v. Verbitskaya*, 406 F.3d 1324 (11th Cir. 2004); *United States v. Reyes-Echevarria,* 345 F.3d 1 (1st Cir. 2003).

Rocket cannot meet that threshold. Not only has Rocket repeated unfounded claims of prosecutorial misconduct, but it has needlessly delayed this criminal case. See *In re United States*, 441 at 64 ("The Supreme Court has explicitly discouraged the delay and disruption in criminal proceedings caused by judicial review of claims of prosecutorial misconduct."). The United States respectfully submits that Rocket's motion to dismiss should be denied and this case should be set for trial.

The Magistrate Judge correctly concluded that Rocket failed to establish that any false evidence was presented to the grand jury or that there was any basis to revisit the grand jury's determination to indict Rocket and the various co-defendants. The United States respectfully submits that the Court should reach the same conclusion following its de novo review of the grand jury material and the parties' voluminous arguments. After all, "[t]he law has long been clear that 'an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence.'" Docket No. 1112, p. 7 quoting *United States v. Calandra*, 414 U.S. 338, 345 (1984); *see Costello v. United States*, 350 U.S. 359, 363 (1956) (a court may not entertain an indictment's "challenge on the ground that there was inadequate or incompetent evidence before the grand jury"); *United States v. Casas*, 425 F.3d 23, 38 (1st Cir. 2005) ("A grand jury proceeding is not a trial; only after conviction following a trial is sufficiency of the evidence an appropriate issue."); *United States v. Martinez-Hernandez*, No. CR 11–241 (DRD/SCC), 2014 WL 12722646, at *2 (D.P.R. June 27, 2014), *report and recommendation adopted sub nom. United States v. Hernandez*, 86 F. Supp. 3d 88 (D.P.R. 2015) ("[A] very substantial body of case law prohibits us from assessing the weight and adequacy of the evidence presented to the grand jury.").

**CONCLUSION**

For the foregoing reasons, those stated in the Magistrate Judge's Report and Recommendation (Docket No. 1112) and the United States' Response in Opposition to Motion to Dismiss (Docket No. 1035), the United States respectfully requests that the Rocket Learning LLC's motions to dismiss be denied.

**WHEREFORE**, the United States respectfully requests that this Honorable Court **DENY** Defendant Rocket Learning LLC's Motion to Dismiss Counts One Through Twenty-Eight of the Superseding Indictment (Docket Nos. 936-939).

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 12th of February 2018.

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

**ROSA EMILIA RODRIGUEZ-VELEZ**
United States Attorney

*s/Seth A. Erbe*
**SETH A. ERBE**
Assistant United States Attorney
USDC-PR No. 220807

United States Attorney's Office
Torre Chardón, Suite 1201
350 Carlos Chardón Ave.
San Juan, PR 00918
seth.a.erbe@usdoj.gov
Tel. (787) 766-5656