IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff**<br>v.<br><br>**[1] ROCKET LEARNING LLC,**<br>**[2] BRENDA PEREZ GARCIA,**<br>**Defendants.** | Criminal No. 15-561 (JAG) |

**UNITED STATES OF AMERICA'S MOTION FOR**
***WOOD/QUINTERO* AND *FOSTER* HEARING**

**TO THE HONORABLE COURT:**

**COMES NOW** the United States of America through the undersigned attorney, and very respectfully states, alleges and prays as follows:

The United States has learned of a potential conflict of interest posed by an attorney, Christopher R. Hall, who has claimed to have taken actions related to this case in representation of both [1] Rocket Learning LLC and [2] Brenda Perez Garcia. Legal representation provided to two defendants in the same criminal case necessarily implicates Rule 44(c) and *United States v. Foster*, 469 F.2d 1 (1st Cir. 1972). Furthermore, because [1] Rocket Learning LLC previously admitted that it was paying for the legal services provided by attorney Raul Mariani-Franco as counsel for [2] Brenda Perez Garcia, there is reason to believe that a hearing is necessary pursuant to *Wood v. Georgia*, 450 U.S. 261 (1981) and *Quintero v. United States*, 33 F.3d 1133 (9th Cir. 1994) to determine the source of attorney's fees being paid to Christopher R. Hall to represent [2] Brenda Perez Garcia and whether a conflict of interest exists on those grounds.

As explained herein, the United States respectfully requests that this Honorable Court hold a *Wood/Quintero* and *Foster* Hearing and direct the following to personally appear:

a. an authorized representative of Rocket Learning, LLC;

b. Brenda Perez Garcia;

c. Christopher R. Hall;

d. any other defendant who has received legal representation from Christopher R. Hall in relation to this case;

e. any person or company, including an authorized representative of any insurance company, that has paid for the legal services of Christopher R. Hall in relation to this case.

## I.   FOSTER HEARING REGARDING JOINT REPRESENTATION

As the Court is aware, when two or more defendants have been charged jointly and are represented by the same counsel, "[t]he court must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation. Unless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel." Fed.R.Crim.P. 44(c)(2). See also *United States v. Foster*, 469 F.2d 1 (1st Cir. 1972) ("[I]t shall be the duty of the trial court, as early in the litigation as practicable, to comment on some of the risks confronted where defendants are jointly represented to insure that defendants are aware of such risks, and to inquire diligently whether they have discussed the risks with their attorney, and whether they understand that they may retain separate counsel, or if qualified, may have such counsel appointed by the court and paid for by the government.").

## II. WOOD/QUINTERO HEARING REGARDING SOURCE OF PAYMENT

Similar conflict issues may arise when defendant's attorney's fees are paid by a third party with conflicting interests. In *Wood v. Georgia*, the Supreme Court noted "the inherent dangers that arise when a criminal defendant is represented by a lawyer hired and paid by a third party, particularly when the third party is the operator of the alleged criminal enterprise. One risk is that the lawyer will prevent his client from obtaining leniency by preventing the client from offering testimony against his former employer ...." *Wood*, 450 U.S. at 269. The Court held that the trial court had a "duty to inquire further" because "the possibility of a conflict of interest" was apparent. *Id.* at 272 (emphasis is original).

In *Quintero*, the Ninth Circuit forcefully reiterated the need for the trial court to inquire into the possibility of a conflict of interest when there is reason to believe, based on defendant's indigent status, that privately retained defense counsel's fees are being paid by a third party. *Quintero*, 33 F.3d at 1134 ("This opinion is being published to alert trial judges, particularly in drug cases, to determine whether or not third parties are paying the fees of retained counsel when the defendant is indigent and, if so, whether the defendant understands the potential conflict of interest that may exist in such an arrangement and voluntarily waives that conflict.").

Other courts have also recognized the potential conflict of interest created when someone other than the defendant pays the fees of defense counsel. See *United States v. Locascio*, 6 F.3d 924, 932 (2d Cir. 1993) ("Ethical considerations warn against an attorney accepting fees from someone other than her client. As we stated in a different context, the acceptance of such 'benefactor payments' may subject an attorney to undesirable outside influences and raises an

ethical question as to whether the attorney's loyalties are with the client or the payor" (internal quotations and citation omitted)).

### III. FACTUAL BACKGROUND

On September 9, 2015, defendant [1] Rocket Learning, LLC and [2] Brenda Perez Garcia, along with other individual co-defendants, were indicted in the above captioned case. Docket No. 3. A Superseding Indictment was returned by the grand jury on February 17, 2016, which added charges against additional co-defendants. Docket No. 376.

In 2016, and as a part of plea negotiations in this case, counsel Juan Acevedo represented to the United States that Rocket Learning, LLC's defense team included Mr. Francisco Rebollo and Mr. Christopher R. Hall of Saul Ewing Arnstein & Lehr LLP in Philadelphia, Pennsylvania. Mr. Hall proceeded to personally participate in negotiations with the United States on behalf of Rocket Learning, LLC via telephone, email, and face-to-face meetings in Puerto Rico.

Mr. Hall has had other contacts with the United States in representation of Rocket Learning, LLC. This included a November 2017 attempt by Mr. Hall to coordinate and participate in a meet and confer session on behalf of Rocket Learning, LLC pursuant to Local Rule 116(b)(3) regarding a discovery dispute in this case. The United States insisted that Mr. Hall file a formal notice of appearance before participating in a meeting under the Local Rules. No appearance was filed.

The Local Rules are explicit regarding the participation of attorneys in matters before this Honorable Court. An attorney must be authorized to make an appearance and must actually make an appearance in order to participate. "[O]nly members of the bar of this Court shall practice in this Court." L.Cv.R. 83A(d). Furthermore, "an attorney who wishes to participate in any manner in any action must file a formal written appearance." L.Crim.R. 162(a); L.Cv.R. 83D(a).

Even though Mr. Hall has participated in this case since 2016, he has yet to comply with Local Rule 83A, 83D, or 162. In fact, the United States has reason to believe that Mr. Hall is not authorized to make an appearance or otherwise practice law before the United States District Court for the District of Puerto Rico[1] and the record reflects that no formal appearance has been made.

Recently, it became clear that Mr. Hall was continuing to participate in this ongoing criminal case. On May 1, 2018, Mr. Hall represented in writing to the United States that: "We recently filed an informative motion with the Court…." The informative motion being referenced was the informative motion filed solely by [2] Brenda Perez Garcia on April 18, 2018 at Docket No. 1195 addressing alleged violations of 18 U.S.C. 1028A. Rocket Learning, LLC is not charged with any violation of 18 U.S.C. § 1028A. This statement indicates that Mr. Hall participated in the filing of a motion in this case on behalf of [2] Brenda Perez Garcia and is providing her with legal representation.

## IV. DISCUSSION

Based on Mr. Hall's representations and actions, it appears that he is providing legal representation to both [1] Rocket Learning, LLC and [2] Brenda Perez Garcia. Given the lack of a formal appearance in this case, the United States feels compelled to bring this issue to the Court's

---

[1] The Court's CM/ECF system does not reflect any prior cases wherein Christopher R Hall has appeared as counsel of record in this district and Mr. Hall's biography on Saul Ewing Arnstein & Lehr LLP's website does not list bar admission before this Court. Similarly, the United States is not aware of any *pro hac vice* application under Local Rule 83A(f) in this case or any other case in this district. Such an application could be problematic in the event of joint representation given the fact that local counsel must be designated and sign all filings submitted to the Court. *Id*.

attention to ensure that the defendants' rights are protected and to maintain the effective administration of justice and integrity of the Court.

Joint representation, without the Court's knowledge, of [1] Rocket Learning, LLC and [2] Brenda Perez Garcia is concerning on several fronts. Such joint representation implicates Rule 44(c) and *Foster*, as well as the Court's general authority to ensure that attorney's practicing before the Court are in compliance with the applicable ethical standards. See L.Cv.R. 83E(a). After all, "[a] conflict may exist by reason of substantial discrepancy in the parties' testimony, incompatibility in positions in relation to an opposing party or the fact that there are substantially different possibilities of settlement of the claims or liabilities in question. Such conflicts can arise in criminal cases as well as in civil cases. The potential for conflict of interest in representing multiple defendants in a criminal case is so grave that ordinarily a lawyer should decline to represent more than one co-defendant." Model Rules of Prof'l Conduct R. 1.7 cmt. 23 (2016); Pennsylvania Rules of Prof'l Conduct, R 1.7, cmt 23 (2014).

Here, clear conflicts can exist, especially when an attorney represents both a company and an employee. Most notably, plea negotiations with either party will almost necessarily call into question counsel's legal duty to the other client. Similarly, defenses at trial could conceivably be adverse to each other.

This conflict is heightened by the potential conflict regarding the source of attorney's fees paid to Mr. Hall. See generally Model Rules of Prof'l Conduct R. 1.8(f) (2016); Pennsylvania Rules of Prof'l Conduct, R. 1.8(f) (2014). That source of payment, whether it be [1] Rocket Learning, LLC, an insurance company, or another individual, may have different interests than [2]

Brenda Perez Garcia.[2] As the Court may recall, this issue was previously raised and evaluated at the beginning of this case regarding the payment of fees to counsel Raul Mariani-Franco. Docket No. 81, 187, 189, 194, 244, 258, 257, 268, 310, 323.

It is important to address these concerns now, in advance of trial, rather than on a collateral attack. In *Quintero*, privately retained defense counsel replaced court-appointed defense counsel. The defendant was convicted at trial. The defendant then filed a § 2255 petition claiming that his privately retained defense counsel suffered from conflict of interest. The Court of Appeals, reversing the trial court, held that an evidentiary hearing on the conflict of interest claim must be held. Similarly, any guilty plea could also be potentially subject to collateral attack. See *Garfias v. United States*, 894 F. Supp. 37 (D.Mass. 1995) (evidentiary hearing ordered to be held to determine whether the defendant's plea should, as requested by the defendant, be vacated.).

## V.     CONCLUSION

Based on the above, the United States respectfully requests that this Honorable Court set a *Wood/Quintero* and *Foster* hearing to determine whether there is any joint representation, the source of any attorney's fees being paid, whether a conflict of interest exists, whether written informed consent has already been given by all parties involved, whether defendants understand the conflict of interest that may exist in such an arrangement, whether defendants voluntarily waive the conflict of interest, and whether the Court should accept such waiver. See *Wheat v. United*

---

[2] The Court's inquiry as to the source of the attorney's fees will not infringe on the attorney-client privilege, as fee arrangement information is not protected. See Report & Recommendation at Docket No. 257, p. 3 citing *United States v. Strahl*, 590 F.2d 10,11 (1st Cir. 1978); *In re Grand Jury Subpoenas*, 906 F.2d 1485, 1492 (10th Cir. 1990).

*States*, 486 U.S. 153, 163 (1988) ("district court must be allowed substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses.").

**WHEREFORE**, it is hereby requested that this Honorable Court grant the aforementioned request to hold a *Wood/Quintero* and *Foster* hearing and order the personal attendance of the following:

a. an authorized representative of Rocket Learning, LLC;

b. Brenda Perez Garcia;

c. Christopher R. Hall;

d. any other defendant who has received legal representation from Christopher R. Hall in relation to this case;

e. any person or company, including an authorized representative of any insurance company, that has paid for the legal services of Christopher R. Hall in relation to this case.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 4th day of May, 2018.

**CERTIFICATE OF SERVICE**:

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record.

**ROSA EMILIA RODRIGUEZ-VELEZ**
United States Attorney

*s/Seth A. Erbe*
**SETH A. ERBE**
Assistant United States Attorney
USDC-PR No. 220807

United States Attorney's Office
Torre Chardón, Suite 1201
350 Carlos Chardón Ave.
San Juan, PR 00918
Tel. (787) 766-5656
Fax: (787) 766-5398
seth.a.erbe@usdoj.gov