IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**ROCKET LEARNING, LLC,**<br>Defendant. | CRIMINAL NO. 15-561 (JAG) |

### RESPONSE IN OPPOSITION TO MOTION FOR RECONSIDERATION

**TO THE HONORABLE COURT:**

**COMES NOW** the United States of America by and through the undersigned attorney and before this Honorable Court very respectfully submits the following response in opposition to Defendant Rocket Learning, LLC's ("Rocket") Motion for Reconsideration (Docket No. 1286).

On August 15, 2018, this Honorable Court issued an order denying Rocket's motion to dismiss and adopting Magistrate Judge Bruce J. McGiverin's Report and Recommendation in full. See Docket No. 1275. In response to the Court's order, Rocket proceeded to file a motion for reconsideration seeking the same relief requested in its original motion to dismiss and in its objection to the Report and Recommendation. See Docket No. 1286. Having already denied Rocket's request, there is no basis for the Court to revisit the same issue again. For this reason, and those reasons previously advanced in the briefing of this matter, the United States respectfully opposes Rocket's motion for reconsideration.

### STANDARD OF REVIEW

"Unlike the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure do not explicitly provide for motions for reconsideration." *United States v. Torres-Moreno*, 28

F.Supp.3d 136, 137 (D.P.R. 2014) citing *United States v. Ortiz*, 741 F.3d 288, 292 n.2 (1ˢᵗ Cir. 2014) ("[M]otions for reconsideration in criminal cases are not specifically authorized either by statute or by rule."). Even if the same standard as Fed.R.Civ.P. 59(e) was applied, motions for reconsideration simply do not permit parties to re-raise arguments that were already presented to the district court. "[M]otions for reconsideration are appropriate in a limited number of circumstances, such as (1) where the movant presents newly discovered evidence; (2) where there has been an intervening change in the law; or (3) where the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." *Torres-Moreno*, 28 F.Supp.3d at 137 citing *United States v. Allen*, 573 F.3d 42, 53 (1ˢᵗ Cir. 2009); *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 n.2 (1ˢᵗ Cir. 2005).

Rocket does not point to any newly discovery evidence, any change of law, or any clearly unjust or manifest error of law. Instead, Rocket has reiterated the same arguments already presented to the Court. This Honorable Court has no grounds to reconsider its prior order, especially in light of the extensive briefing involved and the Court's review of the grand jury transcripts.

## PROCEDURAL HISTORY & DISCUSSION

On July 21, 2017, Rocket filed a motion to dismiss which specifically included a request for a hearing in an attempt to "establish that the government presented false evidence to the grand jury and knew the evidence was false." Docket No. 936, p. 19. That is the same hearing requested in the motion for reconsideration. Docket No. 1286, p. 8 ("Rocket requests a hearing to resolve the question whether the government knowingly presented a loss number it knew to be false.").

The United States opposed the request and painstaking explained why no false statement was made to the grand jury. See Docket No. 1035, p. 10 ("Each individual billing entry that

comprises the $954,297 total was produced to Rocket in 2016 via excel spreadsheets. Rocket does not dispute that the billing entries or transactions total the $954,297"); p. 11 ("it simply cannot be said that the United States has made any false statement of the evidence."), p. 12 (It was possible for Rocket to use an unregistered student or person at the beginning of the SES program to establish the biometric registration of a registered absent/transferred student and record fraudulent biometric attendance throughout the entire program without any re-registration…. Re-registration simply is not a requirement for Rocket's fraudulent billing practices.").

Magistrate Judge Bruce J. McGiverin requested and reviewed the grand jury transcripts and issued a Report and Recommendation on December 14, 2017 which was adopted in full by this Honorable Court. Docket No. 1112. Included in the Court's analysis is a finding that the United States did not present any false evidence to the grand jury. *Id*. at p. 6 ("Given that the basis for Rocket's motion to dismiss is that the government told the grand jury that the changes in registry were how it determined that Rocket stole $954,297, and given that the evidence clearly shows that the government did not tell the jury that the changes in registry were the basis for its determination that Rocket stole $954,297, the court should find that Rocket has failed to carry its burden in persuasively establishing that the government presented false evidence. Moreover, as Rocket has not shown that the government presented any false evidence, there is no need to consider whether the grand jury was substantially influenced by such evidence."). The Report and Recommendation also addresses the argument Rocket has again raised in its motion for reconsideration, i.e. that the government allegedly "overinflated the amount Rocket stole…" *Id*. at p. 5. As the Court explained, "Rocket's argument is based on a flawed interpretation of the government's allegations…. At no point did the government state that the $954,297 figure came from compiling the changes in registry as Rocket alleges. Furthermore, the government never relied solely on the changes in

registry to provide its case but rather presented plenty of testimony from many sources regarding various ways that Rocket padded the bill." *Id*. at p. 5-6.

After the issuance of the Report and Recommendation, Rocket filed an objection and raised the same arguments that are now contained in the motion for reconsideration. See Docket No. 1140, p. 3. The United States opposed Rocket's objections. See Docket No. 1171, p. 3-4 ("There is absolutely no basis to find that false evidence was presented to the grand jury. This Honorable Court can review the grand jury materials and make that *de-novo* determination. As the United States previously explained, an analysis of the attendance and billing data (that was produced to Rocket) was calculated and yielded a figure. The actual calculation itself, that yielded a sum of $954,297, is not being disputed and is not false. The math is the math and the components of the calculations are exactly what they have been represented to be…. The grand jury was not misled by any omission…).

With the issue fully briefed by both parties and squarely before the Court, a *de novo* review was performed and the Court has ruled. This Honorable Court fully considered and fully denied Rocket's motion. Docket No. 1275.  Absolutely no basis has been provided by Rocket for this Honorable Court to revisit its ruling. There is no reason to continue to litigate this issue. The government did not present false evidence nor mislead the grand jury.[1]  As such, this Honorable Court should summarily deny Rocket's motion for reconsideration.

## CONCLUSION

For the foregoing reasons, as well as those stated in the Magistrate Judge's Report and

---

[1] The United States also notes an objection to Rocket's unfounded claim that the government's conduct during discovery has been improper. The United States was entitled to oppose a request for a bill of particulars, and obtained a favorable Report and Recommendation in the process. Even though it was not required, the United States provided a specific list of transactions, which had already been produced in discovery, so that Rocket could understand how the government's evidence could tally the $954,297 figure. The United States has complied with all discovery obligations and is under no obligation to further explain to Rocket or the other co-defendants how it intends to prove the case at trial.

Recommendation (Docket No. 1112) that has been adopted in full by this Honorable Court, the United States respectfully requests that Rocket Learning LLC's motion for reconsideration (Docket No. 1286) be denied.

**WHEREFORE**, the United States respectfully requests that this Honorable Court **DENY** Defendant Rocket Learning LLC's motion for reconsideration (Docket No. 1286).

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 12th of October 2018.

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

**ROSA EMILIA RODRIGUEZ-VELEZ**
United States Attorney

*s/Seth A. Erbe*
**SETH A. ERBE**
Assistant United States Attorney
USDC-PR No. 220807

United States Attorney's Office
Torre Chardón, Suite 1201
350 Carlos Chardón Ave.
San Juan, PR 00918
seth.a.erbe@usdoj.gov
Tel. (787) 766-5656